**IN THE UNITED STATES BANKRUPTCY COURT FOR**

**THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | |
| FEDERICO ROJAS CARRASQUILLO NILDA COLÓN MONGE, | CASE NO. 22-01534 EAG7 |
| Debtors. | Chapter 7 |
| FEDERICO ROJAS CARRASQUILLO & NILDA COLÓN MONGE, | ADVERSARY NUMBER: 24-00034 EAG |
| Plaintiffs, | |
| COOPERATIVA DE AHORRO Y CREDITO DE ARECIBO, | |
| Defendant. | |

<u>OPINION AND ORDER</u>

Pending before the court is a motion for summary judgment filed Cooperativa de Ahorro y Credito de Arecibo ("COOPACA") (Dkt. No. 19) and the opposition to summary judgment filed by the debtors, Nilda Colón and Federico Rojas (Dkt. No. 20). For the reasons stated below, the court grants summary judgment in favor of COOPACA.

**I. Jurisdiction**

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a), Local Civil Rule 83K(a), and the General Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.).[1] This is a core proceeding in accordance with 28 U.S.C. § 157(b).

---

[1] Unless otherwise indicated, all references to "Bankruptcy Code" or to specific statutory sections are to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. §§ 101-1532. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure. All references to "Local Bankruptcy Rule" are to the Local Bankruptcy Rules of the United States Bankruptcy Court for

## II. **Uncontested Facts**

The following facts are uncontested pursuant to Rule 56 and Local Civil Rule 56, made applicable to these proceedings by Bankruptcy Rules 9014(c) and 7056 and Local Bankruptcy Rules 1001-1(b) and (d):

1.  One of the debtors, Mrs. Colón had a son named David Pagán. (Admitted at p. 2, ¶ 6, Dkt. No. 20, Attachment No. 1.)

2.  In April 2018, Mr. Pagán borrowed $10,000 at 9.75% interest per annum from COOPACA. (Admitted at p. 2, ¶ 7, Dkt. No. 20).

3.  Mr. Pagán defaulted on his COOPACA loan. (Admitted at p. 2, ¶ 8, Dkt. No. 20, Attachment No. 1.)

4.  On January 11, 2021, COOPACA filed in state court a collection action (case number CG2021CV00043) against Mr. Pagán to recover $9,869.25 in principal, as well as no less than $2,669.53 in accrued interest, and $3,762.00 in attorney fees. (Admitted Fact at p. 2, ¶ 9, Dkt. No. 20, Attachment No. 1.)

5.   On April 16, 2021, COOPACA obtained a judgment against Mr. Pagán for no less than $12,538.78 plus $3,762.00 in attorney's fees. (Admitted at p. 2, ¶ 10, Dkt. No. 20, Attachment No. 1.)

6.  On August 25, 2021, Mr. Pagán passed away. (Admitted at p. 2, ¶ 11, Dkt. No. 20, Attachment No. 1.)

7.  On May 30, 2022, Federico Rojas and Nilda Colón filed a chapter 7, case no. 22-01534. (See Dkt. No. 1, Lead Case.)

8.  On June 2, 2022, COOPACA filed proof of claim number 1, in the debtors' bankruptcy case, for a pre-petition debt of $31,976.50 related to a personal loan obtained by them and completely unrelated to the COOPACA loan of Mr. Pagán. (See Claim Register, Lead Case).

9.  On September 12, 2022, the bankruptcy court granted a discharge to the debtors. (See Dkt. No. 33, Lead Case.)

---

the District of Puerto Rico.  And all references to "Local Civil Rule" are to the Local Rules of Civil Practice of the United States District Court for the District of Puerto Rico.

10. On January 24, 2023, Mrs. Colón filed in state court a petition for declaration of heirs as Mr. Pagán's sole heir. (Dkt. No. 19, Exhibit No. 5.  Admitted at p. 2, ¶ 12, Dkt. No. 20, Attachment No. 1.)

11. Mrs. Nilda Colón's petition for declaration of heirs was granted by the state court on January 24, 2023. (Dkt. No 19, Exhibit No. 6. Admitted at p. 2, ¶ 13, Dkt. No. 20, Attachment No. 1.)

12. On January 16, 2024, COOPACA filed a request to substitute Mr. Pagán in its state court case (number CG2021CV00043) with his sole heir, Mrs. Colón. In the request COOPACA also sought to compel Mrs. Colón to either accept or reject the inheritance of Mr. Pagán, pursuant to Article 1578 of the Civil Code of Puerto Rico, P.R. Laws. Ann. tit. 31, § 11021. (Dkt. No. 19, Exhibit 7. Admitted at p. 2, ¶ 14, Dkt. No. 20, Attachment No. 1).

### III. COOPACA's Position

COOPACA alleges that the debt being collected in state court is independent of any pre-petition debts of the debtors and as such the discharge injunction does not apply to the debt of Mr. Pagán. Rather the debt it is trying to collect is a post-petition debt not subject to the debtors' discharge. In 2023, Mrs. Colón requested in state court to be declared the sole heir of her deceased son, Mr. Pagán. COOPACA argues that, by making that request, Mrs. Colón accepted her son's inheritance. Under Puerto Rico law, once an inheritance is accepted, all of the deceased's rights and obligations pass to the accepting heir or heirs. Therefore, upon acceptance, Mrs. Colón assumed her son's obligation to COOPACA. Because Mrs. Colón accepted the inheritance post-petition, COOPACA argues that its actions did not violate the discharge injunction.

### IV. The Debtor's Opposition

The debtors allege that, although they failed to schedule COOPACA's loan with Mr. Pagán when they filed their bankruptcy petition, the creditor had notice or actual knowledge of the case. They allege that it is uncontested that Mrs. Colón's son passed away before the filing of the bankruptcy petition and before the entry of the discharge injunction. And COOPACA filed proof of claim number 1 and a notice of appearance in bankruptcy case number 22-01534. Therefore, it acquired actual notice of the discharge entered on September 12, 2022.

3

The debtors argue that, under Article 1546 of the Puerto Rico Civil Code, death triggers the transmission of the rights and obligations of a deceased person the heirs. P.R. Laws Ann. tit. 31, §§ 10911 & 10912. "In other words, upon her son's passing on August 25, 2021, joint-debtor immediately succeeded him pursuant to Puerto Rico law, therefore acquiring his rights and obligations thirteen (13) months before the discharge order was entered in the debtors' bankruptcy on September 12, 2022, and nine (9) months before the filing of Debtors' bankruptcy petition." CITATION.

Finally, the debtors argue that the issues raised by COOPACA in its motion for summary judgment were already adjudicated in their favor by the court when it granted their request to reopen the bankruptcy case.

## V. Legal Analysis and Discussion

### a. Summary Judgment Standard

The standard for summary judgment is well-known. Pursuant to Rule 56 made applicable to these proceedings by Bankruptcy Rules 7056 and 9014(c), summary judgment is available "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010). The moving party bears the burden of showing that "no genuine issue exists as to any material fact" and that he is "entitled to judgment as a matter of law." Vega-Rodríguez v. P.R. Tel. Co., 110 F.3d 174, 178 (1st Cir. 1997).

Once a properly supported motion has been presented before the court, the opposing party "can shut down the machinery only by showing that a trial-worthy issue exists" that would warrant the court's denial of the motion for summary judgment. McCarthy v. Northwest Airlines, 56 F.3d 313, 315 (1st Cir. 1995). For issues where the opposing party bears the ultimate burden of proof, that party cannot merely "rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute." Id. However, not every factual dispute is sufficient to frustrate summary judgment; the contested fact must be material and the dispute over it must be genuine. Id. An issue is "genuine" if it could be resolved in favor of

4

either party. A fact is "material" if it is potentially outcome-determinative. See Calero-Cerezo v. United States DOJ, 355 F.3d 6, 19 (1st Cir. 2004).

"The [trial] court is freed from the usual constraints that attend the adjudication of summary judgment motions" when "'the basic dispute between the parties concerns the factual inferences. . . that one might draw from the more basic facts to which the parties have drawn the court's attention,' where 'there are no significant disagreements about those basic facts,' and where neither party has 'sought to introduce additional factual evidence or asked to present witnesses.'" Equal Employment Opportunity Comm'n v. Steamship Clerks Union 1066, 48 F.3d 594, 603 (1st Cir. 1995) (quoting Federacion de Empleados del Tribunal Gen. de Justicia v. Torres, 747 F.2d 35, 36 (1st Cir. 1984)). In those circumstances, "[t]he court may then engage in a certain amount of differential fact finding, including the sifting of inferences." Id.

The court finds that no material issues of fact exists and that it may enter judgment as a matter of law.

### b. Inheritance of Debt under Puerto Rico Law

The court first notes that in the present case Mrs. Colón's son passed after the effective date of the 2020 Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, §§ 5311 et seq.  Therefore, the 2020 Civil Code applies to the legal issues raised by the motion for summary judgment and the opposition to it. In Puerto Rico, the death of a person opens a "succession." P.R. Laws Ann. tit. 31, § 10917. "The succession includes the rights and the obligations that are transmittable by reason of the death of a person . . . ." P.R. Laws Ann. tit. 31, § 10911.

An heir succeeds the deceased in all his rights and obligations. P.R. Laws Ann. tit. 31, § 10918. However, the inheritance needs to be accepted or rejected. P.R. Laws Ann. tit. 31, §11013. An inheritance cannot be accepted or rejected partially, in terms or subject to any condition. P.R. Laws Ann. tit. 31, § 11016. Also, under the provisions of the Civil Code an heir, with some exceptions not relevant here, only responds for the obligations of the deceased up to the value of the property received in the inheritance. P.R. Laws Ann. tit. 31, § 11041.

The Supreme Court of Puerto Rico has stated that putative heirs do not acquire an inheritance until they accept it. See BBVA v. Latinoamericana de Exportación, Inc., 164 D.P.R. 689 (2005), Pascual v. Sucesión César Tirado, 2009 PR App. LEXIS 4084, *9-10 (Dec. 22, 2009).

5

And "[i]n the absence of such acceptance, either express or implied, no liability arises for the debts." <u>Vargas v. Rivera</u>, 69 D.P.R. 560 (1949).

Article 1578 of the Civil Code establishes a procedure to compel the putative heirs to accept or reject an inheritance. P.R. Laws. Ann. tit. 31, § 11021. A party in interest, such as COOPACA, can request the state court to order the putative heirs, within a period that cannot exceed 30 days, to either accept or reject an inheritance. "[T]he law recognizes that certain parties, including judgment creditors to the decedent, have an interest in settling the matter of inheritance such that they may know whether they may pursue their claims against the putative heirs." <u>Banco Popular de P.R. v. M/V Classy Lady,</u> 2014 U.S. Dist. LEXIS 42612, *2 (D. P.R. March 28, 2014). "*Interpellatio* is the procedure by which a creditor, for example, forces such a settlement." <u>Id</u>. The declaration of heirs ("declaratoria de herederos") only establishes who are the putative heirs. But after the declaration is obtained, the putative heirs may still accept or reject the inheritance. <u>See González Campo v. González Mezerene</u>, 139 D.P.R. 228 (1995).

Here, Mrs. Colón neither disclosed the inheritance from her deceased son nor included any of his liabilities in her bankruptcy petition filed on May 30, 2022. Mrs. Colón obtained a discharge on September 12, 2022. Later, on January 24, 2023, Mrs. Colón obtained the declaration of heirs in state court. However, as discussed above, the declaration of heirs by itself does not constitute acceptance of an inheritance.

COOPACA's action to substitute parties in the state court case so that it could then compel Mrs. Colón to either accept or reject the inheritance of her deceased son, without more, does not rise to the level of a violation of the discharge injunction. And any obligation by Mrs. Colón to COOPACA related to Mr. Pagán's debt cannot not arise until acceptance of the inheritance. An obligation that did not come into existence until after the entry of the discharge injunction is not covered by it.

## VI. <u>Conclusion</u>

As explained above, COOPACA's actions here did not violate the discharge injunction and, additionally, the debt owed by the deceased Wilson Pagán to COOPACA was not discharged by the discharge granted to Mrs. Colón on September 12, 2022. Therefore, the court grants motion for summary judgment in favor of Cooperativa de Ahorro y Credito de Arecibo dismissing the

6

adversary complaint (Dkt. No. 19). Consequently, the opposition to summary judgment filed by the debtors (Dkt. No. 20) is denied. Separate judgment will be entered.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 29th of August, 2025.

Edward A. Godoy
United States Bankruptcy Judge